UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAMARIO L. JAMES,

        Plaintiff,

        v.

STONE,

        Defendant.
_____

23-CV-1008 (JLS)

## DECISION AND ORDER

*Pro se* Plaintiff Damario L. James was confined at the Sing Sing Correctional Facility and commenced this action seeking relief pursuant to 42 U.S.C. § 1983. Dkt. 1. His original complaint asserted claims against Defendants Stone, a former fellow inmate, and the Wende Correctional Facility for injuries he sustained when Stone assaulted him. *Id.* He also filed an application to proceed *in forma pauperis* ("IFP"). Dkt. 2.

## DISCUSSION

The Court granted James's application to proceed IFP and screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(a)-(b), dismissing it with leave to amend. Dkt. 12. Therein, the Court apprised James that his claim against Stone failed because Stone is not a state actor. *Id.* at 4-5. In granting leave to amend, the Court cautioned James that to allege plausibly a claim against Stone his amended complaint must allege facts that show Stone conspired or jointly acted with a state actor to violate his constitutional rights. *Id.* at 5. James's amended complaint

alleges only that Stone broke James's jaw. Dkt. 14 at 5. Because the amended complaint does not include any allegations indicating that Stone may be a state actor, all claims against Stone are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court's initial screening order liberally construed the complaint as asserting an Eighth Amendment failure to protect claim and informed James that to state such a claim, an amended complaint would need to allege facts that show (1) that James was, at the time of the incident, incarcerated under conditions posing a substantial risk of serious harm to him; and (2) a prison official or officials knew of the substantial risk of serious harm and how they disregarded that risk. Dkt. 12 at 6-7. James's amended complaint does not name or identify any Defendant other than Stone and his allegations make no attempt to cure the deficiencies identified by the Court. Consequently, any failure to protect claim is dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

James's amended complaint alleges that Stone broke his jaw and, as a result, he was on a liquid diet for two months. As relief, he requests to "sue the State of New York." However, the allegations in the amended complaint do not state any viable cause of action for three reasons.

First, James does not allege the personal involvement of any prison official or other state actor. To establish liability against a prison official or other state actor under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). In other words, a plaintiff must allege plausibly "that each Government-

official defendant, through the official's own individual actions, . . . violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Second, New York State "is a state government entitled to Eleventh Amendment immunity." *Colson v. Annucci*, No. 23-CV-0654 (NSR), 2023 WL 2665580, at *2 (S.D.N.Y. Mar. 28, 2023); *see also Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990); *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  The only way James could proceed against New York State is by "(1) alleg[ing] an ongoing violation of federal law; and (2) seek[ing] relief properly characterized as prospective." *Vega v. Semple,* 963 F.3d 259, 281 (2d Cir. 2020).  James makes no such allegations or claim for relief here.

Third, James's allegations do not suggest that any prison official violated rights protected by the Constitution or federal law.  An Eighth Amendment conditions of confinement or medical care claim requires allegations of (1) conditions that, either alone or in combination, posed an unreasonable risk of serious damage to a plaintiff's health or safety, or a serious medical need, and (2) the defendant's deliberate indifference to those conditions. *See Charles v. Orange County*, 925 F.3d 73, 85-86 (2d Cir. 2019); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998); *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017); *Walker v. Schult,* 717 F.3d 119, 125 (2d Cir. 2013).  The amended complaint does not make these allegations and does not suggest that such allegations could be alleged plausibly.  Indeed, that a medical provider ordered an x-ray and, upon discovery of his broken jaw, placed

James on a liquid diet for two months indicates that he received medical treatment for his injury.  Dkt. 14 at 5.

For all of the reasons above, the amended complaint is dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### CONCLUSION

The amended complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend," *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (citation modified).  And "[w]hen a plaintiff was aware 'of the deficiencies in his complaint when he first amended,' he 'clearly has no right to a second amendment . . . .'" *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) (quoting *Denny v. Barber,* 576 F.2d 465, 471 (2d Cir. 1978)).

After being apprised of the deficiencies in his complaint, James has not alleged any facts that state plausibly a claim for relief.  In fact, he made no effort to address any of the Court's concerns.  The Court therefore denies a second opportunity to amend.  *Williams v. Baxter*, No. 22-CV-6117-EAW, 2023 WL 5584345, at *3 (W.D.N.Y. Aug. 29, 2023) (after apprising the plaintiff of the deficiencies in his complaint and putting him on "the plainest notice of what was required," the court denied a second opportunity to amend (quoting *Denny*, 576 F.2d at 471)).

## ORDER

IT IS HEREBY ORDERED that the amended complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and the Clerk of the Court shall close this case as dismissed with prejudice; and it is further

ORDERED that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals *in forma pauperis* is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that the Clerk of Court shall mail this Decision and Order to the address affixed to James's most recent mailing (Dkt. 16).

SO ORDERED.

DATED:    July 31, 2026
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

5